**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| MONTY HUMBLE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 20-402 |
| | § | |
| ARCTAS MARIAH ENERGY, LLC, | § | |
| JOEL SERFACE, AND | § | |
| MATTHEW BISCAN, | § | |
| | § | |
| *Defendants*. | § | |

---

**NOTICE OF REMOVAL**

---

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Joel Serface ("Serface"), pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, files this Notice of Removal and hereby removes the above-entitled civil action from the 20th Judicial District Court in Milam County, Texas, to this United States District Court for the Western District of Texas, Waco Division.

## I.     NATURE OF THE ACTION

1.     On or about January 9, 2020, Plaintiff filed its Original Petition for Declaratory Relief ("Original Petition"), styled *Monty Humble v. Arctas Mariah Energy, LLC, Joel Serface, and Matthew Biscan*, Cause No. CV39973, in the 20th Judicial District Court of Milam County, Texas (the "State Action").[1]  Plaintiff alleges that Defendant Matthew Biscan ("Biscan")—an attorney residing in Colorado who represented Plaintiff and Serface in a Colorado state court

---

[1] *See* Ex. 1-A, Docket Report from State Action; Ex. 1-B, Pltf.'s Orig. Pet.  True and correct copies of all of the records from the State Action docket have been included in the Index of State Court Filings attached hereto.  *See* Ex. 1.

lawsuit and subsequent arbitration in Colorado—has improperly refused to disburse amounts allegedly "due to Plaintiff under the arbitration award on account of Defendant Serface's wrongful and baseless allegation that he is due more under the award."[2]

2.        Plaintiff seeks a declaratory judgment "upholding the arbiter's award and ordering dispersal of funds due under [the] award, $74,596.01, to Plaintiff" as well as "a judgment against Defendant Serface in the amount of $119,700 as a recovery of the value of the services provided by Plaintiff in the defense of the Colorado litigation."[3]

## II.        VENUE

3.        Venue is proper in this district pursuant to 28 U.S.C. § 1446(d) because the United States District Court for the Western District of Texas, Waco Division, is the court embracing the state court where this action was pending.

## III.        TIMELINESS OF REMOVAL

4.        Plaintiff has not served Serface with process, so this removal is timely.  *See* 28 U.S.C. § 1446(b).

## IV.        CONSENT TO REMOVE

5.        Besides Serface, Plaintiff has named two defendants: Biscan and Defendant Arctas Mariah Energy, LLC ("Arctas").  Serface is not required to obtain consent from either Biscan or Arctas.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been ***properly*** joined and ***served*** must join in or consent to the removal of the action.") (emphasis added).

6.        Upon information and belief, Plaintiff has not yet served Biscan, a resident of

_____

[2] Ex. 1-B at § V.
[3] *Id*. at § VI.

Colorado.[4]  Thus, Serface is not required to obtain Biscan's consent.  *Id*.;  *see also Ahmed v. ASI Lloyds*, Civil No. SA-17-CA-00336-FB, 2017 WL 9401067, at *1-2 (W.D. Tex. July 7, 2017) (observing that "district courts have frequently held that removing defendants need only obtain consent from those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served") (internal citation omitted).

7.      Serface is also not required to obtain consent from Arctas, which, as further explained below is a fraudulently or improperly joined party.  28 U.S.C. § 1446(b)(2)(A); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (noting that application of the unanimous consent rule "[i]n cases involving alleged improper or fraudulent joinder of parties, . . . would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists").

## V.      BASIS FOR FEDERAL JURISDICTION

8.      Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over this action based on diversity of citizenship among the parties, in that every ***properly*** joined Defendant is diverse in citizenship from Plaintiff.  Specifically, upon information and belief, Plaintiff is an individual domiciled in Texas,[5] while it is undisputed that Serface and Biscan are residents of Colorado.[6]

9.      Upon information and belief, Arctas is a Texas limited liability company with its principal place of business in Houston, Texas, making it the only non-diverse defendant to the State Action.[7]  However, as set forth in detail below, Arctas has been fraudulently joined by Plaintiff and should be disregarded by the Court in determining whether diversity jurisdiction

---

[4] *See generally* Ex. 1-A (no filing by Biscan or proof of service as to Biscan).
[5] Ex. 1-B at § II.
[6] *Id*.
[7] *Id*.

3

exists.

**A.      Arctas Mariah is a Fraudulently Joined Party.**

10.     By asserting an invalid cause of action against Arctas, Plaintiff has attempted to deprive the federal courts of jurisdiction over his claims against Serface and Biscan.  But it is well-settled in the Fifth Circuit that improper joinder exists—thus allowing courts to disregard the fraudulently joined, non-diverse defendant when determining whether diversity jurisdiction exists—where "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Illinois Cen. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).  In other words, Plaintiff may not prevent Serface from removing this case merely by asserting claims against Arctas that are invalid as a matter of law.

11.     A court can determine whether a plaintiff has no reasonable basis for recovery either by (1) conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant"; or (2) "pierce the pleadings and conduct a summary inquiry" where a plaintiff has "misstated or omitted discrete facts."  *Id*. at 573.

12.     Moreover, for purposes of determining a claim against a non-diverse defendant, federal, not state, pleading standards apply.  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).  Accordingly, to pass muster under Rule 12(b)(6) for purposes of determining fraudulent joinder, "a complaint must have contained enough facts to state a claim to relief that is plausible on its face."  *Id*. at 200 (citing *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007))).

13.     Here, Plaintiff has pleaded one cause of action in the Original Petition: a declaratory

judgment that the Colorado arbitration award was valid and enforceable.[8]  In doing so, Plaintiff barely mentions Arctas in his recitation of the alleged facts giving rise to this dispute.  Nor could it—Arctas was wholly excluded from the Colorado arbitration, and consequently, the award.[9] Moreover, on April 4, 2019, in a ten-page, reasoned opinion based on Colorado state law, the arbitrator in the Colorado arbitration "den[ied] an award of attorneys' fees to the Entity Defendants."[10]  Instead, the arbitrator awarded fees *only* to individuals Monty Humble and Joel Serface, the plaintiff and defendant in this lawsuit, respectively.[11]  At no point in the arbitration was Arctas ever mentioned or considered as being entitled to attorneys' fees.

14.     After a subsequent hearing to determine the dollar amount to which Serface and Humble were entitled,[12] the Colorado arbitrator again left no doubt that no entity or individual other than Serface and Humble was entitled to fees.  In the plain language of the concise and unequivocal Colorado arbitration award dated June 12, 2019, the arbitrator solely identified Serface and Humble in awarding a total sum of $292,923.96, to be split evenly by Serface and Humble in the amount of $146,461.98 each.[13]

15.     Plaintiff does not dispute that this award is binding and final.  Nor does Plaintiff assert that Arctas is liable for any wrongdoing, much less seek relief from Arctas pursuant to its cause of action for declaratory judgment.  Plaintiff simply asserts that Arctas has made some vague claim that "Plaintiff and Defendant Serface are indebted to it," with nothing more to show how this alleged claim relates even tangentially to the Colorado arbitration award.[14]

---

[8] Ex. 1-B at § V.
[9] Ex. 2, Order on Motion for Attorneys' Fees and Costs dated Apr. 4, 2019, at 2 (identifying the parties to the arbitration).  A true and correct copy of the April 4, 2019 Order has been attached hereto as Exhibit 2.
[10] *Id*. at 8.
[11] *Id*. at 9.
[12] *Id*. at 9-10.
[13] Ex. 3, Order dated June 12, 2019 at 1.  A true and correct copy of the June 12, 2019 Order has been attached hereto as Exhibit 3.
[14] Ex. 1-B at § IV.

16.     As a result, Plaintiff's declaratory judgment claim—which asks only for Biscan to disburse funds pursuant to the arbitration award and Serface to compensate Plaintiff—does not state a claim for relief against Arctas.  *Int'l Energy Ventures*, 818 F.3d at 208.  It is clear from the face of the Original Petition, as well as the key underlying facts, that Plaintiff improperly joined Arctas to try and anchor this case in state court, and deprive this Court of its jurisdiction in the process.    Therefore, Plaintiff has fraudulently or improperly joined Arctas, and diversity jurisdiction remains as between Plaintiff, a Texas resident, and Defendants Serface and Biscan, both of whom are Colorado residents.

## VI.     REMOVAL UNDER 28 U.S.C. §§ 1332 and 1441(b)

17.     Removal is proper under 28 U.S.C. §§ 1332 and 1441(b), which permits removal if the Court has original jurisdiction and if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## VII.     AMOUNT IN CONTROVERSY

18.     Plaintiff prays for declaratory judgment that the Colorado arbitration award is valid and enforceable, and that the amounts allegedly due to Plaintiff be disbursed to him.[15]

19.     In a declaratory judgment action, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented.  *See Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1993).

20.     The total value of the award rendered by the Colorado arbitration was $292,923.96, which the arbitrator ordered to be split evenly by Plaintiff and Serface in the amount of $146,461.98 each.[16]

21.     Plaintiff seeks a judgment ordering disbursement of $74,596.01 from the arbitration

---

[15] Ex. 1-B at §§ V-VI.
[16] Ex. 3.

award to him.  In addition, Plaintiff seeks a judgment against Serface in the separate amount of $119,700 for the alleged services Plaintiff provided in the defense of the Colorado lawsuit.[17]

22.     By addition, the total value of the arbitration award at issue is $292,923.96.  The total value of the relief Plaintiff seeks, notwithstanding attorneys' fees, interest, and costs of court,[18] is at least $194,296.01.[19]

23.     Accordingly, the amount in controversy on Plaintiff's claim exceeds $75,000, and thus exceeds the jurisdictional requirement.  28 U.S.C. § 1332(a).

## VIII.   CONCLUSION AND PRAYER

24.     Defendant Serface reserves the right to submit additional evidence in support of this Notice of Removal should Plaintiff move to remand.

25.     By virtue of this Notice of Removal, Serface does not waive his right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

26.     Pursuant to 28 U.S.C. § 1446(d), Serface shall provide written notice of the filing of this Notice of Removal to all adverse parties.  In addition, a copy of this removal petition is being filed with the clerk of the court in which the State Action was filed.

27.     WHEREFORE, Defendant Joel Serface respectfully requests that this Court make the proper orders to cause removal of this case from the 20th Judicial District Court in Milam County, Texas to this Court, to the United States District Court for the Western District of Texas, Waco Division, and take jurisdiction of this action to its conclusion and final judgment to the exclusion of any further proceedings in the State Action.

---

[17] Ex. 1-B at § VI.
[18] Id.
[19] Indeed, in Plaintiff's filing of its Original Petition in the State Action, it noted in the section titled "Damages Sought" that the damages it seeks are "[o]ver $100,000 but no more than $200,000."  See Ex. 1-C, Envelope to Orig. Pet.

Dated: May 18, 2020

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ Hannah L. Roblyer*

      Hannah L. Roblyer
      Texas Bar No. 24106356
      hroblyer@beckredden.com
      Seepan V. Parseghian
      Texas Bar No. 24099767
      sparseghian@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010-2010
Telephone:    (713) 951-3700
Facsimile:    (713) 951-3720

**ATTORNEYS FOR DEFENDANT
JOEL SERFACE**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2020, a true copy of the foregoing has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), via CM/ECF filing:

Matthew M. Humble
Mark M. Humble
203 N. Houston Ave.
Cameron, TX 76520
mmhumble@vvm.com
matt@markhumblelaw.com
**Attorneys for Plaintiff Monty Humble**

Adam P. Schiffer
Adam M. Dinnell
SCHIFFER HICKS JOHNSON PLLC
700 Louisiana St., Suite 2650
Houston, TX 77002
aschiffer@shjlawfirm.com
adinnell@shjlawfirm.com
**Attorneys for Defendant**
**Arctas Mariah Energy LLC**

**Defendant Matthew Biscan** (counsel unknown)
Satriana & Biscan, L.L.C.
720 S. Colorado Blvd., Suite 452-S
Denver, CO 80246
biscan@sbattys.com

By: */s/ Hannah L. Roblyer*
     Hannah L. Roblyer